1  PHILLIP A. TALBERT
   United States Attorney
2  ANTONIO J. PATACA
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone:  (559) 497-4000
   Facsimile:  (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,              CASE NO.  1:21-CR-00280-JLT-SKO

12                    Plaintiff,          STIPULATION REGARDING EXCLUDABLE
                                          TIME PERIODS UNDER SPEEDY TRIAL ACT;
13          v.                            ORDER

14 ADOLFO MADRIGAL CONTRERAS,

15                    Defendant.

16

17                              **BACKGROUND**

18          This case is set for a Status Conference on January 18, 2023.  On May 13, 2020, this Court

19 issued General Order 618, which suspends all jury trials in the Eastern District of California "until

20 further notice."   Under General Order 618, a judge "may exercise his or her authority to continue

21 matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611

22 issued on March 17, 2020, . . . with additional findings to support the exclusion in the Judge's

23 discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-

24 by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the

25 request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

26 will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and

27 previous General Orders were entered to address public health concerns related to COVID-19.

28          Although the General Orders address the district-wide health concern, the Supreme Court has

emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency).

The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is

detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id.*

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new status conference date. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for Status Conference on January 18, 2023.

2.      By this stipulation, defendant now moves to continue the case and set a status conference on May 3, 2023, at 1:00 p.m., and to exclude time between January 18, 2023, and May 3, 2023, at 1:00 p.m., under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes reports, warrants, photographs, criminal history, audio files, and videos. All of this discovery has been produced directly to counsel and/or made available for inspection.  On January 14, 2022, the government provided the defendant a plea agreement for consideration.

b)      Counsel for defendant desires additional time to review discovery, conduct investigation and research related to the charges, conduct research into any mitigating factors, consult with her client, discuss a potential plea with the government, and to otherwise prepare for trial.

c)      Counsel for defendant believes that failure to grant the above-requested

1  continuance would deny her the reasonable time necessary for effective preparation, taking into

2  account the exercise of due diligence.

3        d)     The government does not object to the continuance.

4        e)     Based on the above-stated findings, the ends of justice served by continuing the

5  case as requested outweigh the interest of the public and the defendant in a trial within the

6  original date prescribed by the Speedy Trial Act.

7        f)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

8  et seq., within which trial must commence, the time period of January 18, 2023 to May 3, 2023,

9  at 1:00 p.m., inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local

10 Code T4] because it results from a continuance granted by the Court at defendant's request on

11 the basis of the Court's finding that the ends of justice served by taking such action outweigh the

12 best interest of the public and the defendant in a speedy trial.

13     4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

14 Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

15 must commence.

16     IT IS SO STIPULATED.

17

18

19 Dated:  January 9, 2023               PHILLIP A. TALBERT
                                United States Attorney

20

21                               /s/ ANTONIO J. PATACA
                              ANTONIO J. PATACA

22                               Assistant United States Attorney

23

24 Dated:  January 9, 2023               /s/ ADILENE FLORES
                              ESTRADA

25                               ADILENE FLORES ESTRADA

26                               Counsel for Defendant
                              ADOLFO MADRIGAL

27                               CONTRERAS

28

1

2                                           **ORDER**

3

4          The parties shall be prepared to select a mutually agreeable trial date at the next status

5   conference.

6          IT IS SO ORDERED.

7

8

9   DATED: 1/10/2022                          _Sheila K. Oberto_____
                                              THE HONORABLE SHEILA K. OBERTO
10                                            UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28