Adilene Flores Estrada # 318690
Law Office of Adilene Flores Estrada
2014 Tulare Street, Suite 210
Fresno, CA, 93721
Telephone: ((209) 843-0090
Adilene@adilenefloreslaw.com

Attorney for ADOLFO MADRIGAL CONTRERAS

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>vs.<br><br>ADOLFO MADRIGAL CONTRERAS,<br><br>             Defendant. | Case No.:  1:21- CR-00280-JLT-SKO<br><br>**STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER** |

**TO THE CLERK OF THIS COURT AND ALL PARTIES OF RECORD**:

This case is set for a Change of Plea Hearing on June 26, 2023.  The parties are requesting, via stipulation and proposed order, that the hearing be continued until September 18, 2023, for the reasons set forth below.  The parties further request that the Court find "good cause" to continue the hearing and find that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" pursuant to 18 U.S.C. § 3161(h)(7)(A).

The Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" 18 U.S.C. § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

If continued, this Court should designate a Change of Plea Hearing date of September 18, 2023. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Defendant, by and through defendant's counsel of record, and the United States of America, by and through its counsel of record, and hereby stipulate as follows:

1. By previous order, this matter was set for Change of Plea Hearing on June 26, 2023.

2. By this stipulation, defendant, and United States of America, now move to continue the case and set a Change of Plea Hearing on September 18, 2023, at 10:00a.m., and to exclude time between June 26, 2023 and September 18, 2023, at 10:00a.m., under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

   a) Counsel for defendant, had client assessed for diminished capacity. The psychologist that did the assessment has had health problems and now must undergo surgery. She needs additional time to produce the report of her findings. Counsel for defendant does not want to risk the report not being ready for the Court to consider. Hence, we are requesting more time. Counsel for defendant needs the report to adequately represent the defendant. The defendant wishes for the documents to be considered by this honorable Court and by the Government before the Change of Plea Hearing.

   b) Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, considering

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

the exercise of due diligence.

        c)        The government nor defendant, object to the continuance.

        d)        Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

        e)        For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 26, 2023 to September 18, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated:  June 22, 2023                                      PHILLIP A. TALBERT
                                                      United States Attorney

                                                      /s/ ANTONIO J. PATACA
                                                      ANTONIO J. PATACA
                                                      Assistant United States Attorney

Dated:  June 21, 2023                                      /s/ ADILENE FLORES ESTRADA
                                                      ADILENE FLORES ESTRADA
                                                      Counsel for Defendant
                                                      Adolfo Madrigal Contreras

**FINDINGS AND ORDER**

After a review of the parties Stipulation, IT IS FOUND AND ORDERED:

1. By previous order, this matter was set for Change of Plea Hearing on June 26, 2023. Counsel for defendant needs additional time to acquire the results of her client's diminished capacity assessment. Counsel for defendant does not want to risk the report not being ready for the Court to consider. The defendant wishes for the psychological report to be considered by this honorable Court.

2. Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, considering the exercise of due diligence.

3. Based on the above-stated findings, the Court finds that the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

4. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 26, 2023 to September 18, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **June 22, 2023**

UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4